## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY LAMAR AURSBY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-4849** |
| | : | |
| **DAVID AUXTER,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SÁNCHEZ, C. J.**                                                          **June 29, 2020**

Pro se Plaintiff Jeffrey Lamar Aursby alleges six police officer defendants (Michael Warren Young, David Auxter, Jeffrey Calabrese, Eric Fries, Shawn Wielage, and Alexander Pratt) searched his car and arrested him in violation of the fourth amendment.  In addition to filing his Complaint, Aursby has also moved to Proceed *In Forma Pauperis* (ECF No. 1), and has filed a "Motion for Pro Bono, to Amend Complaint and Special Relief Injunctions" (ECF No. 12).[1]  Because it appears that Aursby is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.

The Court will dismiss Aursby's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because: (1) he does not adequately allege specific behavior on the part of each police officer; (2) his Complaint seeks damages for his conviction and imprisonment, even though his conviction has not been overturned; and (3) he does not adequately allege the officers

---

[1]  The Court initially denied Aursby's request to proceed *in forma pauperis* without prejudice based on his failure to submit a certified copy of his prisoner account statement.  (ECF No. 4 at 1.)  The Court directed Aursby to either pay $400 to the Clerk of Court or to file a certified copy of his prisoner account statement within thirty days.  (*Id.*)  Aursby subsequently filed the required account statement (ECF No. 8), and his Motion to Proceed *In Forma Pauperis* is now properly before the Court for consideration.

lacked probable cause to arrest him and search his vehicle. The Court will grant Aursby leave to amend his Complaint to correct these failings. The Court will deny Aursby's motions to appoint counsel and for an injunction without prejudice to Aursby refiling those motions if his amended complaint adequately pleads his claims.

## I.    FACTUAL ALLEGATIONS[2]

Aursby is currently incarcerated at State Correctional Institution – Dallas ("SCI Dallas"). He brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth Amendment rights against illegal search and seizure.  (ECF No. 2 at 3, 5.)[3]  In the Complaint, Aursby names the following Defendants, all of whom he alleges are police officers with the Lower Merion Township Police Department: (1) Michael Warren Young, Shield No. 22; (2) David Auxter, Shield No. 31; (3) Jeffrey Calabrese, Shield No. 140; (4) Eric Fries, Shield No. 100: (5) Shawn Wielage, Shield No. 138; and (6) Alexander Pratt, Shield No. 93.  (ECF No. 2 at 2.)

Aursby alleges, on or about August 4, 2018, while "working [his] second job as a delivery driver[,]" he "fell asleep at a red light and [was later] awaken[ed]" by officers of the Lower Merion Township Police Department.  (*Id.* at 3.)  Aursby claims the officers made accusations that there was a "strong odor of unburned marijuana" coming from either Aursby or his vehicle.  (*Id.*)  Asbury also alleges the officers accused him of "being under the influence of a controlled substance because [his] eyes were red."  (*Id.*)  Aursby contends the police officers "illegally impounded [his] vehicle and searched it" and illegally arrested him.  (*Id.*)  He also

---

[2] The factual allegations set forth in this Memorandum are taken from Aursby's Complaint (ECF No. 2).

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

claims he was the victim of "racial profiling," "stereotyp[ing], prejudice, perjury, [and] harassment." (*Id.*)

The public docket for Aursby's underlying criminal proceeding related to the events of August 4, 2018 shows he was charged with two counts of possession of a prohibited firearm, one count of intentional possession of a controlled substance, one count of possession of a small amount of marijuana for personal use, and three counts of use or possession of drug paraphernalia. *See Commonwealth v. Aursby*, CP-46-CR-0006650-2018 (Montgomery C.P. at 2). The docket also shows Aursby was found guilty by a jury on the firearms charge and the intentional possession charge on July 30, 2019 and was sentenced to a term of imprisonment. (*Id.* at 3-4.)

## II.     STANDARD OF REVIEW

The Court will grant Aursby leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under this standard, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a

---

[4]  However, because Aursby is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim.  *See id.*  As Aursby is proceeding *pro se*, the Court construes his allegations liberally.

*Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

In the Complaint, Aursby seeks to bring claims for violations of his civil rights pursuant

to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal

court.  This statute provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the

alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Moreover,

"[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the

Constitution."  *Iqbal*, 556 U.S. at 676.

### A.   Aursby's Complaint Fails to State a Claim

Aursby's Complaint must be dismissed for three distinct reasons. First, his Complaint

does not describe how each Defendant participated in Aursby's alleged unconstitutional search

and seizure; rather it makes general allegations unrelated to any specific Defendant. Second,

Aursby's complaint seeks relief in the form of overturning his conviction and ending his

imprisonment, and it seeks damages related to his conviction and imprisonment, but such relief

and damages are not available because Aursby's conviction has not been overturned. Third, Aursby's Complaint does not adequately plead Defendants lacked probable cause when they arrested him and searched his car. The Court will address each of these deficiencies in turn.

At the outset, the Court notes Aursby's Complaint does not attribute any specific conduct to any particular police officer named as a Defendant. Rather, Aursby describes the events of August 4, 2018 in a generalized manner and then notes that the police "officers involved" were Auxter, Calabrese, Fries, Wielage, Young, and Pratt. (ECF No. 2 at 3.) Aursby's general reference to the "officers involved" is problematic because the Complaint is ambiguous with respect to each Defendant's role in the allegedly illegal search of Aursby's vehicle and his allegedly illegal arrest. These ambiguities in the Complaint "fail to meet *Iqbal's* directive that a 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *See Lawal v. McDonald*, 546 F. App'x 107, 114 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).

Even if Aursby had adequately alleged conduct on the part of each individual Defendant, his claims would still fail to the extent that he seeks damages based on his conviction and imprisonment. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable

5

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  Here, Aursby appears to seek damages for his conviction and imprisonment.  As Aursby's underlying conviction and imprisonment have not been reversed or otherwise invalidated, Aursby's constitutional claims for damages related to his conviction and imprisonment are not cognizable at this time.

However, Aursby's Fourth Amendment claims could survive if he were to plead damages distinct from his criminal conviction and imprisonment. In *Heck*, the Supreme Court explained that Fourth Amendment claims can be cognizable under § 1983 when those claims do not call into question the validity of the plaintiff's conviction. *Heck*, 512 U.S. at 487 n. 7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action [i.e., a suit for damages attributable to an allegedly unreasonable search], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.") (citations omitted).  "*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful.'"  *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223-24 (3d Cir. 2016) (quoting *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998)).  In his Complaint, Aursby does not allege damages other than those stemming from his conviction and imprisonment, so his claim cannot be brought under § 1983.  *See Heck*, 512 U.S. at 487 n.7 ("[T]he § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." (citations omitted)).

Aursby's Fourth Amendment claims also fail because he has not adequately pleaded that the Defendants lacked probable cause under the Fourth Amendment to search his vehicle and arrest him. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Likewise, "probable cause justifies a search." *Whren v. United States*, 517 U.S. 806, 819 (1996).

Here, Aursby has not alleged sufficient facts to state a plausible claim that he was searched or seized without probable cause. Although he alleges the police officers "illegal impounded [his] vehicle and searched it" and subjected him to an "illegal arrest[,]" he does not provide factual allegations in support of those conclusory assertions. In other words, Aursby has failed to allege sufficient facts and circumstances about the search and seizure on August 4, 2018 to support a plausible inference that the police officers lacked probable cause to search his vehicle and detain him for possessing a controlled substance (a charge for which he was convicted by a jury and sentenced to imprisonment). This omission is particularly problematic because Aursby acknowledges in his Complaint the officers smelled the "strong odor of unburned marijuana" and noticed that Aursby's "eyes were red." (ECF No. 2 at 3.) His claims therefore fail. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

      **B.**     **Aursby's Requests for Miscellaneous Relief**

      Also before the Court is letter (ECF No. 11) from Aursby requesting copies of all notices and documents pertaining to this case entered since November 2019 which he did not receive because he has been transferred among various facilities.  The Court grants Aursby's request for copies and will direct the Clerk of Court to send him a copy of the updated docket in this matter, along with ECF Nos. 5, 6, 7, 8, 9, 10, 11, and 12.[5]  Additionally, Aursby filed a "Motion for Pro Bono, to Amend Complaint and Special Relief Injunctions" (ECF No. 12.)  In the Motion, Aursby requests appointment of counsel because he is "confined and restricted, [and] do[es] not make or earn affordable wages[.]"  (ECF No. 12 at 1.)  Aursby's request for appointment of counsel is premature at this stage of the litigation.  The Court will therefore deny the Motion without prejudice to Aursby's right to file a renewed motion for appointment of counsel in the future in accordance with the factors set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993).  The Court will also deny the Motion without prejudice to the extent Aursby is seeking special injunctive relief in light of the Court's finding that Aursby has failed to state a claim for relief.  However, to the extent that the Motion seeks leave to file an amended complaint, the Motion will be granted.

---

[5] Due to restrictions caused by COVID-19, this mailing may be delayed, but the clerk of court will mail these documents as soon as it is feasible to do so.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Aursby leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The dismissal of Aursby's claims will be without prejudice to Aursby's right to file an amended complaint within thirty (30) days after this Court's order is mailed to him in the event he can correct the defects the Court has identified in his claims. To the extent Aursby seeks to challenge the validity of his conviction or imprisonment or seeks damages based on his conviction and imprisonment, his claims are dismissed without prejudice to him filing reasserting those claims in the event his underlying conviction is reversed, vacated, or otherwise invalidated.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**